PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAul SCHUMACHER, ) | |
| ) | CASE NO. 4:15-CV-01919 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 4] |

*Pro se* Plaintiff Paul Schumacher filed this collection of tort claims against Corrections Corporation of America ("CCA") and various unnamed employees of CCA. *See* Complaint, ECF No. 1-1. Plaintiff was convicted of receiving child pornography and is currently a federal prisoner at FCI Elkton. ECF No. 4 at PageID #: 29. Prior to his conviction, Plaintiff was held as a federal detainee at the Northeast Ohio Correctional Center ("NEOCC"), a prison facility that is owned and operated by CCA in Youngstown, Ohio. *Id.* In the Complaint, Plaintiff alleges that during his time at NEOCC, Defendants were deliberately indifferent to his serious medical needs, committed medical malpractice by failing to treat his medical conditions, and endangered him by housing him in the general population unit despite his being a known sex offender. ECF No. 1-1 at PageID #: 11-14. Plaintiff seeks monetary relief. *Id.* at PageID #: 14. Defendant CCA filed a Motion to Dismiss. ECF No. 4. For the reasons that follow, the Motion to Dismiss is granted.

(4:15CV01919)

## I. Factual and Procedural Background

Plaintiff was arrested in July 2013, and detained at NEOCC from August 1, 2013 to July 1, 2014. ECF No. 1-1 ¶¶ 7, 21. Plaintiff alleges that prior to entering NEOCC, he "had been taking prescription Vicoprophen for 4 years; had been taking Ativan; and had been abusing non-prescribed Xanax for almost 10 years." Id. ¶ 8. Plaintiff alleges that he informed medical staff of his use of these drugs and his need to detox. Id. ¶ 9. He asserts that he detoxed on his own, without medication or treatment, and as a result, he experienced vomiting, diarrhea and seizures for two weeks. Id. ¶ 11. Additionally, Plaintiff suffers from emphysema and chronic obstructive pulmonary disease ("COPD"). Id. ¶ 12. For years, he used Spireva to treat his breathing issues. Id. ¶ 14. He alleges that at NEOCC, he was provided Atrovent in lieu of Spireva, and it was ineffective. Id. ¶ 15. For nearly three months of Plaintiff's incarceration at NEOCC, he was housed in the general population rather than a special protected unit for sex offenders. Id. ¶ 19. Plaintiff alleges that he was threatened and verbally assaulted during his time in the general population. Id.

Plaintiff filed a Complaint in the Mahoning Valley County, Ohio Court of Common Pleas. See ECF No. 1-1. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. See Notice of Removal, ECF No. 1. Plaintiff asserts five claims in the Complaint: In Claims One and Two, Plaintiff asserts *Bivens*[1] actions, alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs by failing to treat his detoxing

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) provides federal inmates and detainees with a cause of action analogous to 42 U.S.C. § 1983.

2

(4:15CV01919)

and lung conditions. ECF No. 1-1 ¶¶ 22-27. In Claims Three and Four, Plaintiff alleges Defendants committed medical malpractice by failing to treat his detoxing and lung conditions. *Id.* ¶¶ 28-31. In Claim Five, Plaintiff alleges Defendants were negligent and/or deliberately indifferent to his security by "failing in their duty to provide a safe and secure penal environment for Plaintiff." *Id.* ¶¶ 32-33. Defendant CCA filed a Motion to Dismiss all five claims of the Complaint. ECF No. 4. Plaintiff did not file a response.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

In order to state a claim on which relief may be granted, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative

(4:15CV01919)

level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

**A. Claims One and Two**: **Deliberate Indifference to Serious Medical Needs**

In Claims One and Two of the Complaint, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs when they allegedly "refused to treat him for his detoxing condition," and "refused to properly treat his emphysema and COPD conditions with effective medicines." ECF No. 1-1 ¶¶ 23, 26.

Claims One and Two are *Bivens* actions, which can only be brought against individual officers who commit constitutional violations while acting under the color of federal law. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). In *Malesko*, the Supreme Court specifically held that a private corporation that operates a federal prison cannot be sued for damages under *Bivens*. The Court reasoned that the purpose of *Bivens* was to deter individual federal officers, not agencies, from committing constitutional violations. *Id*. at 74.

CCA is a private corporation that operates a federal prison (NEOCC). Therefore, Plaintiff cannot allege a cognizable *Bivens* claim against CCA.

(4:15CV01919)

Plaintiff also cannot allege a cognizable *Bivens* claim against the unnamed CCA employees:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

*Minneci v. Pollard*, 132 S. Ct. 617, 626, 181 L. Ed. 2d 606 (2012). Because (1) the unnamed CCA employees work for a private corporation, and (2) Plaintiff's claims for deliberate indifference to serious medical needs constitute medical malpractice claims under Ohio law, *see Buerger v. Ohio Dep't of Rehab. & Corr.*, 64 Ohio App. 3d 394, 400, 581 N.E.2d 1114, 1118 (1989), Plaintiff must seek a remedy under state tort law. Accordingly, Plaintiff's *Bivens* claims against the unnamed CCA employees cannot succeed.

Claims One and Two of the Complaint are dismissed with prejudice.

### B. Claims Three and Four: Medical Malpractice

In Claims Three and Four of the Complaint, Plaintiff asserts that Defendants committed medical malpractice by failing to treat Plaintiff for detoxing and failing to treat his lung conditions. ECF No. 1-1 at PageID #: 13, ¶¶ 28-31.

The Ohio Court of Appeals has stated that "the requirements of Civ. R. 10(D)(2) and R.C. 2305.113 apply in prison inmate medical claims." *Foster v. Dept. of Rehab. & Corr.*, No. 12AP-503, 2013 WL 988056, at *8 (Ohio Ct. App. March 12, 2013). These rules require, "a complaint that contains a medical claim . . . as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint

5

(4:15CV01919)

for whom expert testimony is necessary to establish liability." Ohio Civ. R. 10(D)(2). Courts in this district have deemed Ohio Civil Rule 10(D)(2) to be substantive under the *Erie* Doctrine[2] and therefore applicable in federal court. *See, e.g.*, Perotti v. Medlin, No. 4:05CV2739, 2009 WL 723230, at *10 (N.D. Ohio Mar. 16, 2009) (Economus, J.) (holding that Ohio Civil Rule 10(D)(2) is substantive and medical malpractice claims brought under the color of Ohio Law that lack an affidavit of merit are to be dismissed without prejudice); Nicholson v. Catholic Health Partners, No. 4:08CV2410, 2009 WL 700768, at *5 (N.D. Ohio Mar. 13, 2009) (Economus, J.) (holding that Ohio Civil Rule 10(D)(2) is substantive); Bennafield v. United States, No. 4:12CV3010, 2013 WL 5173221, at *2 (N.D. Ohio Sept. 12, 2013) (Adams, J.) (holding with the "overwhelming majority position" that affidavit of merit requirements are substantive).

Plaintiff failed to attach an affidavit of merit to his medical malpractice claims as required by Ohio law. Accordingly, Claims Three and Four of the Complaint are dismissed without prejudice.

**C. Claim Five: Deliberate Indifference to Prisoner Safety**

In Claim Five, Plaintiff alleges Defendants were deliberately indifferent to his safety by housing him in the general population rather than in a special protected unit in accordance with his status as a known sex offender. ECF No. 1-1 ¶¶ 19-20, 32-33. During his time in the general population, he was "verbally assaulted, and threatened, consistently and constantly," Plaintiff alleges. *Id.* ¶ 19.

---

[2] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 69, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) (holding that when sitting in diversity, federal courts apply state substantive law and federal procedural law).

6

(4:15CV01919)

The Supreme Court has laid out the standard for deliberate indifference to prisoner safety: "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 1984, 128 L. Ed. 2d 811 (1994). Stated differently, Plaintiff must show three things: he was incarcerated with a substantial risk of serious harm, the official was aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and the official drew the inference. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

Construing the Complaint in a light most favorable to Plaintiff reveals that he does not plead facts that satisfy the three prongs necessary to prove deliberate indifference to prisoner safety. Plaintiff's threadbare allegations do not demonstrate that there was a substantial risk of serious harm while he was housed in the general population, or that Defendants were aware of facts from which they drew or could have drawn the inference that such risk existed. Plaintiff states only that he "complained of being removed from protective custody," and does not provide any facts in support. *See* ECF No. 1-1 ¶ 20. The Sixth Circuit has held that harassment and verbal abuse typically "do not constitute the type of infliction of pain that the Eight Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

Claim Five is dismissed with prejudice.

(4:15CV01919)

## IV. Conclusion

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss ([ECF No. 4](#)). Claims One and Two are dismissed with prejudice; Claims Three and Four are dismissed without prejudice; and Claim Five is dismissed with prejudice.

      IT IS SO ORDERED.

 July 7, 2016                                  */s/ Benita Y. Pearson*
Date                                             Benita Y. Pearson
                                                   United States District Judge